1
2
3
4
5        **UNITED STATES DISTRICT COURT**
6        **DISTRICT OF NEVADA**

7  JUDITH SCRASE,                          )
                                           )      Case No. 2:12-cv-00983-KJD-PAL
8                     Plaintiff,           )
                                           )      **ORDER**
9  vs.                                     )
                                           )      (IFP App - Dkt. #3)
10 FOREVER RESORTS,                        )
                                           )
11                    Defendant.           )
   _____)
12

13        This matter is before the court on Plaintiff Judith Scrase's Application to Proceed In Forma

14 Pauperis (Dkt. #3).  Plaintiff is proceeding in this action pro se, has requested authority pursuant to

15 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a Complaint.  *See* Dkt. #1.  The court

16 entered an Order (Dkt. #2) denying Plaintiff's first Application to Proceed In Forma Pauperis (Dkt. #1)

17 without prejudice because the Application was incomplete.  The court allowed Plaintiff to file another

18 Application, and Plaintiff complied.   This proceeding was referred to this court by Local Rule IB 1-9.

19 **I.    In Forma Pauperis Application**

20        Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

21 and costs or give security for them.  Accordingly, Plaintiff's request to proceed in forma pauperis will

22 be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's Complaint.

23 **II.   Screening the Complaint**

24        Upon granting a request to proceed in forma pauperis, a court must additionally screen a

25 complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

26 legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

27 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

28 court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

1   with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

2   deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

3   1995).

4           Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

5   failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

6   ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

7   2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

8   the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

9   555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

10  and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129

11  S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

12  true all well-pled factual allegations contained in the complaint, but the same requirement does not

13  apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,

14  supported only by conclusory allegations, do not suffice. *Id.* at 1949.  Secondly, where the claims in the

15  complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.

16  *Twombly,* 550 U.S. at 570.

17          **A.      Factual Allegations in Complaint.**

18          Plaintiff's Complaint attempts to state a claim for violation of her constitutional rights under the

19  equal protection and takings clauses of the Fifth or Fourteenth Amendment.  Invoking the court's

20  diversity jurisdiction, the Complaint also attempts to state claims for interference with prospective

21  business advantage, conversion, and unjust enrichment. Plaintiff alleges she owned a mobile home,

22  located at Lake Mead National Park's R.V. Village ("RV Village"), where she leased a site from

23  Defendant Forever Resorts.  The Complaint asserts Defendant is a private contractor and concessionaire

24  hired by the National Park Service to operate and manage RV Village.  Plaintiff contends that in March

25  2006, she bought a mobile home intending to resell it and had it appraised for $24,448.00.  Defendant

26  allegedly prohibited Plaintiff from selling her mobile home at RV Village, although other RV Village

27  tenants were allowed to "buy and sell," both before and after Plaintiff was prohibited.  Complaint at ¶¶

28  3.  Additionally, Plaintiff alleges Defendant re-zoned her site into an overnight parking area for travel

2

trailers and evicted Plaintiff for unpaid rent and "other, different reasons . . . none of which were true." Complaint at ¶ 8.  Plaintiff contends she did not violate Lake Mead National Park's operating standards for long-term trailer villages, and she attempted to pay her rent.  She alleges Defendant "wanted her ground" and therefore, refused to accept her rent payments and returned her rent checks uncashed. Plaintiff attempted to appeal the eviction decision to the superintendent, but he would not review her evidence.

### B.    Plaintiff's Constitutional Claims.

The Complaint attempts to state a claim against Defendant for violation of Plaintiff's constitutional rights.  In order to state a claim upon which relief can be granted, Plaintiff must allege: (a) a right secured by the Constitution was violated; and (b) the alleged violation was committed by a person acting under color of state or federal law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988) (elements of claim under 42 U.S.C. § 1983); *Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing constitutional claim against federal officials acting under color of federal law).

Here, Plaintiff alleges Defendant denied her equal protection of the law by treating her differently than other tenants in RV Village and that Defendant took property from her without just compensation.  Plaintiff's claims arise under either the Fifth or Fourteenth Amendments of the Constitution.  The Fifth Amendment is applicable to the federal government and provides, in relevant part, that no person shall "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation."  U.S. Const. amend. V.  The Fourteenth Amendment is applicable to states and provides that States may not "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV.[1]

---

[1]Although the Fifth Amendment does not have an explicit equal protection clause like the Fourteenth Amendment, the Fifth Amendment's due process clause includes an "equal protection component."  *See Golinsky v. U.S. Office of Personnel Management,* 824 F. Supp. 2d 968, 981 (N.D. Cal. 2012) (citing *Boiling v. Sharpe*, 347 U.S. 497, 499-500 (1954), and *Buckley v. Valeo,* 424 U.S. 1, 93 (1976) ("[e]qual protection analysis in the Fifth Amendment area is the same as that under the Fourteenth Amendment")).

Both amendments are intended to prevent the *government* "from abusing [its] power, or employing it as an interest of oppression." *See Van Ort v. Estate of Stanewich,* 92 F.3d 831, 835 (9th Cir. 1996), *cert. denied by* 519 U.S. 1111 (1997) (citing *DeShaney,* 489 U.S. at 196).  Individuals have the right to be free from governmental violations of the Constitution. *Id.*  Neither Amendment, however, applies to a private actor's alleged interference with another citizen's constitutional rights. *Id.* (citing *DeShaney*, 489 U.S. at 195) ("there is no constitutional right to government aid from private deprivations of constitutional rights even where such aid may be necessary to secure life, liberty, or property") (internal citation and brackets omitted); *see also Correctional Services Corporation v. Malesko*, 534 U.S. 61, 62 (2001) (declining to allow constitutional claims against private corporations operating under federal contracts).  Plaintiff's Complaint does not allege her rights were violated by a government official acting under color of law, and her constitutional claims will be dismissed, with leave to amend.

### C.     Plaintiff's State Law Claims.

With respect to Plaintiff's remaining claims for interference with prospective business advantage, unjust enrichment, and conversion, those claims arise under state law.  Plaintiff properly invokes the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging she and Defendant are citizens of different states, and her damages exceed $75,000.  A federal court sitting in diversity applies state substantive law and federal procedural law. *See Snead v. Metropolitan Property & Cas. Ins. Co.,* 237 F.3d 1080, 1090 (9th Cir. 2001) (citing *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 426 (1996)).

As defined by the Nevada Supreme Court, conversion is "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with [the owner's] title or rights therein or in derogation, exclusion, or defiance of such title or rights." *M.C. Multi-Family Dev't, LLC v. Crestdale Assoc., Ltd.*, 191 P.3d 536, 542-43 (Nev. 2008) (citing *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043 (Nev. 2000)).  Here, Plaintiff has not stated a conversion claim under Nevada law. Although Plaintiff alleges a lien sale occurred, the Complaint does not provide any basic information about the lien sale–for example, who authorized it, when it occurred, what was sold, or what lien was satisfied as a result of the sale.  Based on the prayer for compensatory damages in the amount of the

value of Plaintiff's mobile home and its appurtenances and improvements, it appears that Plaintiff's mobile home was sold, but the Complaint does not directly allege that, or that Defendant sold the mobile home without authority.  The Complaint is lacking any factual allegations about the lien or the sale, and as a result, Plaintiff has not stated a conversion claim.  Accordingly, this claim will be dismissed with leave to amend.

To state a claim for interference with prospective business advantage under Nevada law, a plaintiff must allege: (a) a prospective contractual relationship between plaintiff and a third party; (b) defendant's knowledge of the prospective relationship; (c) intent to harm the plaintiff by preventing the relationship; (d) absence of privilege or justification by defendant; and (e) actual harm.  *See Klein v. Freedom Strategic Partners, LLC,* 595 F. Supp. 2d 1152, 1163 (D. Nev. 2009) (citing *Consol. Generator-Nev., Inc. v. Cummins Engine Co.,* 971 P.2d 1251, 1255 (Nev. 1998) (per curium) (internal citation omitted)).  Here, the Complaint does not allege any of these elements, and this claim will be dismissed with leave to amend.

Finally, unjust enrichment is the "unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience."  *Topaz Mut. Co., Inc. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992) (citing *Nevada Ind. Dev. v. Benedetti,* 741 P.2d 802, 804 n. 2 (1987)).  The Nevada Supreme Court has held that the essential elements of a claim of unjust enrichment are (a) a benefit conferred on the defendant by the plaintiff; (b) appreciation by the defendant of the benefit; and (c) acceptance and retention of the benefit by the defendant.  *Id.* (citing *Unionamerica Mtg. v. McDonald,* 626 P.2d 1272, 1273 (1981)).  Plaintiff has not pled these elements, and this claim will be dismissed with leave to amend.

If Plaintiff elects to file an amended complaint, she is advised her claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.  Plaintiff is informed that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). If Plaintiff files an amended complaint, the original pleading no longer serves any function in the

case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED**:

1.  Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.

2.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3.  The Clerk of the Court shall file the Complaint.

4.  Plaintiff's Complaint is DISMISSED with leave to amend.

5.  Plaintiff shall have until **December 19, 2012,** to file her amended complaint, if she believes she can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6.  Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:12-cv-00983-KJD-PAL**, above the words "FIRST AMENDED"in the space for "Case No."

7.  Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 19th day of November, 2012.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE