UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUDITH SCRASE,<br><br>                Plaintiff,<br><br>vs.<br><br>FOREVER RESORTS,<br><br>                Defendant. | Case No. 2:12-cv-00983-KJD-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(Mtn to Serve - Dkt. #8) |

      This matter is before the court on Plaintiff Judith Scrase's Amended Complaint (Dkt. #6) filed December 14, 2012, and her Motion for the Court to Direct the U.S. Marshal's Service to Serve the Amended Complaint (Dkt. #8), filed January 11, 2013.

      Plaintiff is proceeding in this action pro se and in forma pauperis. Previously, the court entered an Order (Dkt. #2) denying Plaintiff's first Application to Proceed In Forma Pauperis (Dkt. #1) without prejudice because the Application was incomplete. The court allowed Plaintiff to file another Application, and Plaintiff complied. The court entered an Order (Dkt. #4) granting Plaintiff's second Application to Proceed In Forma Pauperis (Dkt. #3) and screening Plaintiff's Complaint (Dkt. #5) pursuant to 28 U.S.C. § 1915. The court found Plaintiff had not stated a claim upon which relief could be granted, directed the Clerk of the Court to file Plaintiff's Complaint, and dismissed the Complaint with leave to amend. Plaintiff filed the Amended Complaint, and the court will screen it pursuant to 28 U.S.C. § 1915.

      Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions

as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

        **A.**     **Factual Allegations in Complaint.**

Plaintiff's Amended Complaint attempts to state a claim for violation of her constitutional rights under the equal protection and takings clauses of the Fifth or Fourteenth Amendment. Invoking the court's diversity jurisdiction, the Complaint also attempts to state claims for interference with prospective business advantage, conversion, and unjust enrichment. Plaintiff alleges she owned a trailer, located at Lake Mead National Park's R.V. Village ("RV Village"), where she leased a site from Defendant Forever Resorts. The Amended Complaint asserts Defendant Forever Resorts is a private contractor and concessionaire hired by the National Park Service to operate and manage RV Village. The Amended Complaint also names Gary Wirth, the general manager for Lake Mead RV Village; Jon Jarvis, the regional director for the U.S. Department of the Interior-National Parks Service; and William K. Dickinson, superintendent for the U.S. Department of the Interior-National Parks Service.

Plaintiff contends that on April 30, 2001, she bought a trailer from her mother at the RV Village. In March 2006, Plaintiff arranged with Mr. Wirth to sell the trailer to her son, and she had it

appraised for $24,448.00. In July 2006, Plaintiff informed Mr. Wirth her son did not want to buy the trailer, and instead, she wanted to sell it on-site. Plaintiff was informed that she would not be allowed to do so. Plaintiff alleges Defendant re-zoned her site into an overnight parking area for travel trailers and evicted Plaintiff because "they wanted her ground." Plaintiff contends she did not violate Lake Mead National Park's operating standards for long-term trailer villages, and she attempted to pay her rent. She alleges that Defendant refused to accept her rent payments and returned her rent checks uncashed. On August 16, 2006, an eviction notice was placed on the trailer's door. She appealed the decisions to evict and prohibit the sale of the trailer according to the RV Village's rules. Her appeal was denied on December 1, 2006. Eviction proceedings occurred in Nevada state court on January 16, 2007. Plaintiff was allowed until February 6, 2006, to remove the trailer from the RV Village. She did not. On February 15, 2007,[1] RV Village filed a notice of lien with the Nevada Department of Commerce - Manufactured Housing Division against the trailer for unpaid rent. A notice of sale by auction was published in the Nevada Legal News on August 17, 24, and 31, 2007. The trailer was sold at auction on September 7, 2007, and on December 17, 2007, title for the trailer was given to the RV Village.

**B.    Plaintiff's Constitutional Claims.**

The Complaint attempts to state a claim against Defendant for violation of Plaintiff's constitutional rights. In order to state a claim upon which relief can be granted, Plaintiff must allege: (a) a right secured by the Constitution was violated; and (b) the alleged violation was committed by a person acting under color of state or federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988) (elements of claim under 42 U.S.C. § 1983); *Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971) (allowing constitutional claim against federal officials acting under color of federal law).

///

---

[1] The dates in the Amended Complaint are slightly different than the dates that appear on the documents to which Plaintiff refers and has attached as exhibits to the Amended Complaint. The court will use the dates as they appear on the various exhibits.

As an initial matter, the Amended Complaint does not allege the conduct the individual Defendants undertook in violation of Plaintiff's constitutional rights. For example, Defendant Jarvis and Defendant Dickinson are each only mentioned one time in the Amended Complaint as the persons to whom Plaintiff appealed the RV Village's eviction and sale prohibition decisions. Similarly, Defendant Wirth is mentioned only a handful of times–once for "the antagonism and vehemence shown [to Plaintiff]" and also as the person who ran the day-to-day operations of the RV Village. There can be no liability under *Bivens* unless there is some affirmative link or connection between a defendant's actions and the claimed. *See Harris v. Roderick,* 126 F.2d 1189, 1196 (9th Cir. 1997) (citing *Johnson v. Duffy,* 588 F.2d 740 (9th Cir. 1978)). The Amended Complaint does not allege any particular conduct by the individual Defendants that caused the alleged constitutional deprivations. Accordingly, it will be recommended the individual Defendants be dismissed.

With respect to Defendant Forever Resorts, Plaintiff alleges it denied her equal protection of the law by treating her differently than other tenants in RV Village. In addition, she asserts it took property from her without just compensation while "acting under color of federal law." Amended Complaint at 2:8-10. Plaintiff's claims arise under the Fifth Amendment of the Constitution, which applies to the federal government. It provides, in relevant part, that no person shall "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation." U.S. Const. amend. V. Unlike the Fourteenth Amendment, the Fifth Amendment contains no explicit equal protection clause. *Id.* However, it is well-established that "the concept of equal protection and due process, both stemming from our American ideal of fairness, are not mutually exclusive. . . . But as [the Supreme] Court has recognized, discrimination may be so unjustifiable as to be violative of due process." *Bolling v. Sharpe,* 347 U.S. 497, 499-500 (1954). Thus, the Fifth Amendment's due process clause encompasses an equal protection component, which applies to actions of the federal government. *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)).

In *Bivens,* the Supreme Court "recognized for the first time an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko,* 534 U.S. 961, 66 (2001). However, the Supreme Court has

limited *Bivens*' application to the Fourth Amendment, the due process clause of the Fifth Amendment, and the cruel and unusual punishments clause of the Eighth Amendment. *See Bivens,* 403 U.S. at 397 (Fourth Amendment); *Davis v. Passman,* 442 U.S. 228, 243-44 (1979) (Fifth Amendment due process); *Carlson v. Green,* 446 U.S. 14, 18-19 (1980) (Eighth Amendment cruel and unusual punishments). The Supreme Court has not extended *Bivens* to the takings clause of the Fifth Amendment. Additionally, because Plaintiff has an alternative, equally effective remedy for takings clause violations under the Tucker Act, 28 U.S.C. § 1491, there is no implied private right of action under *Bivens. See Malesko,* 534 U.S. at 70 (*Bivens* properly extended where plaintiff lacked alternative remedy for relief).

Even if Plaintiff could state a *Bivens* claim, it would be time-barred. The court applies the forum state's statute of limitations for personal injury actions to *Bivens* claims. *See Wlison v. Garcia,* 471 U.S. 261, 276 (1985); *Van Strum v. Lawn,* 940 F.2d 406, 409-410 (9th Cir. 1991). Nevada's statute of limitations for personal injury actions is two years. *See* NRS 11.190(4)(e). Plaintiff commenced this suit on June 11, 2012. The Amended Complaint alleges Defendants conduct occurred, at the latest, in December 2007–more than two years earlier. Even if Plaintiff could state a *Bivens* claim, it would be barred by the two-year statute of limitations.

The Tucker Act, 28 U.S.C. § 1491, which provides a waiver of the federal government's sovereign immunity for certain sorts of claims, including constitutional claims (particularly claims brought under the Fifth Amendment's takings clause) and contract claims. *See Larsen v. U.S. Navy,* 346 F. Supp. 2d 122, 130 (D. D.C. 2004) (internal citation omitted). Plaintiff alleges a violation of the takings clause of the Fifth Amendment and seeks damages in excess of $10,000. Jurisdiction for this claims rests exclusively with the United States Court of Federal Claims. *See* 28 U.S.C. § 1491. Such claims must be brought within six years. *See* 28 U.S.C. § 2501.

**D.     Duplicative Lawsuits.**

As a general matter, "duplicative litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious." *See* 28 U.S.C. § 1915; *see also Cato v. United* States, 70 F.3d 1103, 1105 at n. 2 (9th Cir. 1995); *Hernandez v. Denton,* 861 F.2d 1421, 1426 (9th Cir. 1988). The Ninth Circuit has noted that "[d]ismissal of the duplicative lawsuit, more so than the issuance of a

stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692-93 (9th Cir. 2007) (citation omitted). Plaintiff has now filed four iterations of this lawsuit. *See Scrase v. Nevada Parks & Recreation Service, Richard Dickinson, & Gary Wirth,* Case No. 2:08-cv-00190-PMP-PAL; *Scrase v. William K. Dickinson & National Parks Service,* Case No. 2:09-cv-02398-RLH-GWF; *Scrase v. William K. Dickinson,* Case No. 2:11-cv-01564-PMP-CWH; *Scrase v. Forever Resorts, Gary Wirth, Jon Jarvis, & William K. Dickinson,* Case No. 2:12-cv-00983-KJD-PAL. All of these cases involved the same allegations as the Amended Complaint pending in the instant case does. All of these cases were dismissed for failure to state a claim on which relief could be granted. *See* Order (Dkt. #6) in 2008 case (affirming magistrate's screening order and dismissing case); Order (Dkt. #6) in 2009 case (granting Defendant Dickinson's motion to dismiss); Order (Dkt. #4) in 2011 case (affirming magistrate's order and findings and recommendation).

For all of these reasons,

**IT IS ORDERED** that Plaintiff's Motion to Serve (Dkt. #8) is DENIED.

**IT IS RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. #6) be DISMISSED as duplicative of Plaintiff's previously filed lawsuits and for failure to state a claim upon which relief can be granted.

Dated this 22nd day of March, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the

1  findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations."  The parties are advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d
4  1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are
5  subject to the page limitations found in LR 7-4.